## 1940

### BOLEN v. NATIONAL SURETY CO.

(94 S. E. 1049.)

PRINCIPAL AND SURETY—CANCELLATION OF BOND—FAILURE TO GIVE NOTICE.—Where defendant surety, on a county dispenser's bond required by Civ. Code 1912, secs. 652, 653, did not give the notice required by section 665, providing for withdrawal of sureties from official bonds, it was not released from liability, and the principal could not recover for wrongful act of surety in canceling bond, and thus causing his discharge.

Before GARY, J., Barnwell, Spring term, 1917. Affirmed.

Action by E. G. Bolen against the National Surety Company. Judgment of nonsuit, and plaintiff appeals.

The following are the plaintiff's exceptions:

First. Because his Honor erred in holding that there was no testimony to be considered by the jury; whereas, he should have held that the testimony of the plaintiff and the exhibits introduced clearly establish, without contradiction,

the following state of facts: That the plaintiff had received the office at the hands of the county board, dependent upon the execution and filing of a bond.  That the defendant had entered into the relationship of surety to the plaintiff on the said bond, which said bond, so executed, was in favor of the county board, as beneficiary, and was for a term of two years. ' That during the period of said term, the surety company arbitrarily and without just grounds notified this plaintiff and the county board of the cancellation of said bond. That the reasons given for the defendant's action, *i. e.*, first, that a shortage existed, and next, that the premium had not been paid, were in each instance false; and, notwithstanding plaintiff's refusal to submit to said cancellation and his endeavors to cause the defendants to recede from the same, the defendant did cancel the said bond, which forced the county board to discharge the plaintiff, and, therefore, the approximate cause of the damage done to the plaintiff arose from the surety breaching its contract, notwithstanding the premium had been paid for the suretyship on said bond, and the jury were entitled to pass upon the wilfulness, wantonness and arbitrariness of the defendant in the facts of the case, as well as such actual damages sustained by the plaintiff.

Second. Because his Honor erred in misapprehending the scope of plaintiff's action, and in holding that the action, if any, should have been against the board of control for discharging him; whereas, he should have construed the action, and so held, that the county board had nothing to do with the matter beyond discharging the plaintiff, because of his being without a bond, which was caused by the wilful, wanton, and arbitrary conduct on the part of the defendant in withdrawing from the responsibility for which it had been paid to assume, and thereby caused the damage to the plaintiff.

Third. Because his Honor erred in not having held that, the bond having been properly executed and filed, *i. e.*, plain-

tiff as principal and defendant as surety for the plaintiff, the. defendant, having received the premium charged by it for that responsibility, had assumed the obligation that it could not breach without plaintiff's consent as principal, or by reason of any conduct on the part of plaintiff which would be tantamount to a breach of contract on plaintiff's part; whereas, in this case the testimony clearly establishes that the alleged grounds for the breach of contract were false; that the premium had been paid, and that there had been no shortage, for the alleged shortage occurred after the said bond had been canceled and notice had been received, and was not dependent at all upon the subsequent burglary which occurred, and the jury were entitled to pass upon the wilfulness and wantonness of this act on the part of the defendant, resulting in plaintiff's damage as alleged.

Fourth. Because his Honor erred in holding that the obligation of the defendant to the county board as beneficiary of the bond for any loss which the county board may have sustained was exclusive; whereas, the county board had sustained no loss, nor had the defendant sustained any loss, but the only one affected was the plaintiff, who had been deprived of his office, his good name affected in the business world, and otherwise, by the wilful and wanton act of the defendant in withdrawing as surety from his bond, upon false and fraudulent excuses, all of which matters were facts to be determined by the jury.

*Messrs. Bates & Sims,* for appellant, make no citations.

*Messrs. Benet, Shand & McGowan,* for respondent, cite: Code of Laws, vol. I, sec. 3613.

January 7, 1918.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This is an action for damages alleged to have been sustained by the plaintiff, through the wrongful acts of the

.defendant, in canceling the bond which it had signed as surety. The facts are thus stated in the record:

"The complaint alleges as the cause of action that on or about the 8th day of October, 1914, Bolen was appointed county dispenser at Dunbarton, said county, for a term of two years, at $60 salary per month for said term; that he was requested by the county board to give bond in a surety company for $5,000, the premium upon which, to wit, $37.50, however, was to be paid by the board appointing him, exclusive of his salary; that the defendant company became his surety, and received the premium from the board each year, and bond was duly executed and delivered, and plaintiff entered upon the discharge of his duties as such dispenser, as above stated; that, notwithstanding plaintiff's earnest objections and repudiations, and the execution of said bond and the contract of the defendant with plaintiff, as his said surety, and the payment of the premium thereon, defendant wilfully and wantonly and arbitrarily, and through no fault of plaintiff, canceled said bond, and withdrew therefrom as surety, alleging that plaintiff was short in his accounts in the sum of $125.52, and had not paid the premium charged, which statements were untrue, as the premium had been paid to defendant's agent, Mr. Richardson, and the alleged shortage had occurred by reason of a burglary, which was fully covered by burglary insurance, and which loss had been paid by said burglary insurance company, which was well known to the defendant; that by reason of defendant's action, plaintiff was removed from his office as dispenser by the county board, because of his bond having been canceled by defendant's withdrawal as surety, thereby depriving plaintiff of the emoluments of said office and leaving him without employment, and ruining his reputation as a business and moral man, etc.—all of which allegations are made in apt terms usual to complaints for actual and punitive damages, and the plaintiff's damages are fixed at $5,000 and costs."

The answer was a general denial.

At the conclusion of the plaintiff's testimony, the defendant's attorneys made a motion for a nonsuit, on the following grounds, which was granted:

"The cause of action is that the surety company is alleged to have canceled a bond issued to the dispensary board, to secure the faithful services of Mr. Bolen. Mr. Bolen neither paid that premium nor was in possession of the policy. The dispensary board is making no claim. The dispensary board has not failed in its duty in that respect, because it recovered on a burglary policy. The Court will take judicial cognizance of the fact that a judicial bond issued by an insurance company, to secure the faithful service of parties specified in that bond, cannot be canceled simply by a notice to the party that the premium has not been paid."

The reasons assigned by his Honor, the presiding Judge, are as follows:

"The basis of this action is the conduct of the county board in discharging him, which he declares was superinduced by the cancellation of a bond, which had been paid for by the county board, and, as I see it, in a contract in which this plaintiff was not a party at all. Anyway, his complaint is of the conduct of the county board, alleging that that conduct was superinduced by the action of the surety company. As I see it, that does not constitute a cause of action. If that surety company has acted towards the county board in a manner that it ought not to have acted, then the county board has a cause of action against the surety company, but the surety company has dealt with the county board, and the county board is the one that did the discharging. It was for them to judge of the sufficiency of their grounds, and if the surety company had unlawfully canceled a contract that it made with the county board, the county board might have a cause of action against the surety company. * * * The action of the surety company does not

appear to me to be the proximate cause, and unless it is the proximate cause of the injury, they would not be held responsible. If there is an intervening cause, there can be no recovery, and it seems to me that there is an intervening cause."

The plaintiff appealed upon exceptions which will be reported.

The cause of action alleged in the complaint is dependent upon the fact that there was a cancellation of the bond and a withdrawal therefrom by the defendant as surety. Section 653 of the Code of Laws of 1912 provides that "county dispensers shall give bond in the form prescribed by the preceding section." The following is the form of the bond prescribed by section 652:

"State of South Carolina. Know all men by these presents, that we (here insert the names of the person and his sureties) are held and firmly bound unto the State of South Carolina, in the penal sum of (insert the amount required by law) dollars, to the payment of which, well and truly to be made, we bind ourselves, and each and every of us, our heirs, executors and administrators, firmly by these presents. Sealed with our seal, and dated this (insert the day) day of (insert the month) Anno Domini one thousand eight hundred and (insert the year) and in the (insert the year) year of the independence of the United States of America.

"Whereas, The above bound (insert the name of the person appointed or elected) hath been appointed (or elected, as the case may be), to the office of (insert the office).

"Now, the condition of the above obligation is such, that if the above bound (insert the name of the person appointed or elected) shall well and truly perform the duties of said office, as now or hereafter required by law, during the whole period he may continue in said office, then the above obligation to be void and of none effect or else to remain in full force and virtue.

"Sealed and delivered in the presence of: ——. (L. S.). (Here place name of witness)."

Section 665 is as follows:

"When any of the sureties of any officer elected or appointed to any office shall, in writing, notify the proper officer, whose duty it is to approve the bond of such officer, that they desire to be relieved from their suretyship, it shall be the duty of the officer authorized by law to approve the same, to require said officer to execute a new bond with security, which, when approved, shall be as valid as the bond given on the original election or appointment of such officer; and the sureties upon the prior bond shall be released from responsibility for all acts or defaults of such officer which may be done or committed subsequent to the approval of such new bond."

The defendant was not released from responsibility under its bond, as it failed to conform to the requirements of section 665. Therefore, at the time the plaintiff was discharged, the bond had not been canceled, and the defendant had not withdrawn therefrom as surety.

There being no testimony showing a breach of contract between the plaintiff and the defendant, the nonsuit was properly granted.

Appeal dismissed.

MESSRS. JUSTICES WATTS, FRASER and GAGE concur.

MR. JUSTICE HYDRICK did not sit in this case.